IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) Case No. 2:17-cv-3482 (JFB) ) |
| v. | ) ) |
| GEORGES BRIGUET, | ) ) |
| Defendant. | ) ) |

**AMENDED COMPLAINT**

The plaintiff, United States of America, with the authorization of a delegate of the Secretary of the Treasury and at the direction of a delegate of the Attorney General of the United States, brings this action to collect a civil penalty assessed pursuant to 31 U.S.C. § 5321(a)(5) against Georges Briguet for his failure to timely report his financial interest in, or his signatory or other authority over, a foreign bank account for calendar year 2008, as required by 31 U.S.C. § 5314 and its implementing regulations, as well as associated penalties and interest.  In support of this action, the United States alleges as follows:

**Jurisdiction and Venue**

1. This Court has jurisdiction under 28 U.S.C. §§ 1331, 1345, and 1355(a).

2. Georges Briguet, also known as François Georges Briguet, resides in Montauk, New York, which is within the jurisdiction of this Court.

**Defendant's Failure to Timely Report Interest in Foreign Financial Accounts**

3. During calendar year 2008, Georges Briguet resided in, or was otherwise subject to the jurisdiction of, the United States.

4. For calendar year 2008, Georges Briguet filed an income tax return in the United States. To this income tax return, Georges Briguet attached a Schedule B-Interest and Ordinary Dividends that contains, in Part III –Foreign Accounts and Trusts, a question regarding whether the taxpayer had "an interest in or a signature or other authority over a financial account in a foreign country." Georges Briguet checked the box indicating that he did not have a foreign financial account.

5. During calendar year 2008, Georges Briguet, in fact, had a financial interest in, or signatory or other authority over, a bank, securities, or other financial account at UBS AG in Sion, Switzerland ("UBS Account").

6. On or about June 1, 2004, Georges Briguet signed a form associated with his UBS Account that acknowledged that he was subject to income tax in the United States.

7. On or about June 1, 2004, following enactment of new financial laws in the United States, Georges Briguet signed a form associated with his UBS Account that directed UBS AG to avoid trading in stocks in the United States with respect to his UBS Account because he did not want his identity revealed to United States tax authorities.

8. During calendar year 2008, Georges Briguet had a financial interest in, or signatory or other authority over, a bank, securities, or other financial account at Bank of Claridon Leu ("CL Account"). During 2008, Georges Briguet transferred all funds in the UBS Account to the CL Account.

9. During calendar year 2008, the balance of the CL Account exceeded $10,000.00 at all relevant times.

10. Georges Briguet was required to file Form TD F 90-22.1, Report of Foreign Bank and Financial Accounts ("FBAR"), by June 30, 2009, for the UBS and the CL accounts for calendar year 2008.

11. Georges Briguet failed to file an FBAR for calendar year 2008.

12. On June 29, 2011, in response to receipt of a letter notifying him that the IRS had decided to conduct an income tax examination and an FBAR examination, Georges Briguet telephoned an IRS Revenue Agent and denied that he held an interest in a foreign account.

13. During an in-person interview with a Revenue Agent on July 6, 2011, Georges Briguet repeated that he did not have an interest in a foreign account and signed a written statement that he did not have a foreign account.

14. Georges Briguet's failure to file the FBAR with regard to calendar year 2008 was willful.

15. At the time of Georges Briguet's violation of the reporting requirement with respect to his financial interest in and signature authority over the UBS Account during 2008, the balance in the account was approximately $4,849,661.00.

**Assessment of the FBAR Penalty**

16. On June 15, 2015, in accordance with 31 U.S.C. § 5321(a)(5), a delegate of the Secretary of the Treasury assessed a civil penalty ("FBAR penalty") against Georges Briguet, in the amount of $2,424,831.00, for his willful failure to timely report to the IRS his financial interest and signature authority over the CL Account during 2008.

17. On or about June 15, 2015, a delegate of the Secretary of the Treasury sent notice of the assessment of the FBAR Penalty and a demand for payment to Georges Briguet.

18. The balance due on the FBAR Penalty assessed against Georges Briguet, along with statutory additions and interest, including a late-payment penalty assessed pursuant to 31 U.S.C. § 3713(e)(2), is $2,706,177.82 as of February 9, 2017.

19. This civil action to collect the FBAR Penalty, and the associated penalty for late payment under 31 U.S.C. § 3717(e)(2), and interest, is timely under 31 U.S.C. § 5321(b)(2) because it is filed within two years of June 15, 2015, the date that the FBAR Penalty was assessed.

WHEREFORE, Plaintiff United States of America requests that:

(a) The Court enter judgment in favor of Plaintiff United States of America and against Defendant Georges Briguet, for the FBAR Penalty for the 2008 income tax year, as well as the associated late-payment penalty and interest, in the amount of $2,706,177.82 as of February 9, 2017, plus interest and statutory accruals from and after that date until the liability is paid in full; and,

(b) That the Court award the United States such further relief, including the costs of this action, as the Court deems just and proper.

Respectfully submitted,

DAVID A. HUBBERT
Acting Assistant Attorney General
Tax Division, U.S. Department of Justice

/s/*Sarah T. Mayhew*
SARAH T. MAYHEW
Trial Attorney, Tax Division
U.S. Department of Justice
P.O. Box 55
Washington, D.C. 20044
(202) 616-1929 (voice)
(202) 514-5238 (fax)
Sarah.T.Mayhew@usdoj.gov