UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X
UNITED STATES OF AMERICA,

                          Plaintiff,

           -against-                                     **MEMORANDUM & ORDER**

GEORGES BRIGUET,                                    2:17-cv-3482
                        Defendants.
-------------------------------------------------------------X
DEARIE, District Judge

      This case raises a single issue for the jury: whether Mr. Briguet's failure to file a Form TD F 90-22.1 ("FBAR") disclosing his offshore UBS bank account was willful. The Court addresses Defendant's motion *in limine* to preclude the admission at trial of certain newspaper articles regarding the United States' crackdown on U.S. taxpayers with foreign bank accounts. For the following reasons, the motion is denied.

      The 96 newspaper articles in question discuss the Government's efforts to identify U.S. taxpayers with offshore bank accounts and UBS's agreement to provide the Government with account holder information. Defendant argues that the articles must be excluded at trial because they are (1) inadmissible hearsay; (2) irrelevant insofar as Defendant has not admitted to reading the articles; (3) otherwise irrelevant as to articles published *after* the FBAR filing deadline with which Defendant failed to comply; and (4) unduly prejudicial.

      **1.**      **Hearsay**

      The newspaper articles are not inadmissible hearsay. The Government seeks to admit them as evidence supporting Defendant's awareness of the FBAR filing requirement and not "to prove the truth of the matter asserted in the[m]." Fed. R. Evid. 801(c)(2); see also United States v. Detrich, 865 F.2d 17, 21 (2d Cir. 1988) ("Where, as here, the statement is offered as

circumstantial evidence of . . . state of mind, it does not fall within the definition given by Rule 801(c); because it was not offered to prove the truth of the matter asserted.").

## 2. Relevance of Articles Published Before FBAR Filing Deadline

"Evidence is relevant when 'it has any tendency to make a fact more or less probable than it would be without the evidence.'" United States v. White, 692 F.3d 235, 246 (2d Cir. 2012), as amended (Sept. 28, 2012) (quoting Fed. R. Evid. 401 (footnote omitted)). The newspaper articles appearing in the financial sections of the New York Times and Wall Street Journal published prior to the FBAR filing deadline of June 30, 2009 are relevant to Defendant's knowledge.

Defendant testified that he "read[s] the financial page every day" of those two publications. Briguet Tr., ECF No. 46-1 at 64:9-17. Some of the proffered articles appeared on the front page of the business or finance sections and contained headlines likely to catch Defendant's eye given their relevance to him. See, e.g., Gov't Opp., ECF Nos. 45-2, 45-4, 45-6 (attaching articles appearing on the front page of the finance or business sections with headlines such as U.S. to Seek Client Names From UBS In Tax Case; Judge Clears U.S. Request for UBS Clients' Names; and A 2nd Inquiry Hits UBS, Pressed for 52,000 Names). And the number and prominence of the articles, when linked with Defendant's sworn testimony, make their relevance patently obvious.

Indeed, UBS's customer contacts log reflects several communications with Defendant, one of which illustrates that he "closely followed the published events on the UBS business policy for US customers" and "consulted a lawyer, aware of [UBS's] change of policy, and fearing for the confidentiality of his account." Contacts Log, ECF No. 41-4 at 6. Therefore, a reasonable jury might readily conclude Defendant read the newspaper articles in the financial

sections of the New York Times and Wall Street Journal, and such an inference seriously undermines any claim that he was unaware of the FBAR filing requirement.

### 3. Relevance of Articles Published after FBAR Filing Deadline

The Court reserves decision on the articles published after the 2008 FBAR filing deadline. While such articles are irrelevant to Defendant's state of mind at the time of the deadline, they may prove relevant to showing at what point Defendant learned of the filing requirement after the deadline had passed should the issue be raised at trial.

### 4. Unfair Prejudice

Defendant argues that if the articles are admitted "the jury may be left with the impression that the UBS case, DOJ's Swiss bank crackdown, and the IRS's offshore voluntary disclosure program were 'hot issues' to investors who read the New York Times and Wall Street Journal and . . . infer . . . that Mr. Briguet probably read some of the articles at issue." Def. Mot., ECF No. 44 at 4-5. Although somewhat overstated, Defendant's observation is valid but in fact supports the admissibility of the news articles. There is nothing unduly prejudicial about the articles. Evidence is prejudicial, but in this instance any prejudicial effect is entirely coextensive with the probative value of the articles and therefore not unduly prejudicial. That said, there may be other valid Rule 403 considerations with regard to the articles published after the filing deadline in question. For that reason, the Court defers ruling on that portion of the defense motion.

## CONCLUSION

The Court admits the newspaper articles contained in the financial or business sections of the New York Times and Wall Street Journal before June 30, 2009 and reserves decision as to those articles published after June 30, 2009. Defendant's motion *in limine* is denied.

SO ORDERED.

Dated: Brooklyn, New York  /s/ Raymond J. Dearie
      November 25, 2020  RAYMOND J. DEARIE
        United States District Judge

4